ORIGINAL

FILED
CLERK, U.S. DISTRICT COURT

DEC 10, 2003

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority    X
Send    X
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRECTV, INC., | NO. CV03-8751-LGB (JWJx) |
|             Plaintiff, | **STANDING ORDER** |
|    v. | |
| RONALD FISHER; ET AL., | |
|             Defendants. | |

**READ THIS ORDER CAREFULLY. IT CONTROLS THE CASE UNLESS OTHERWISE ORDERED BY THE COURT.**

In an effort to provide the parties with consistent guidelines regarding their motion practice and to manage the Court's docket in conjunction with the Local Rules, the Court hereby adopts the following standing order concerning motion practice before the Court other than motions in limine:

1)   All motion hearing dates shall be cleared and assigned by the Courtroom Deputy, Catherine Jeang, BEFORE the motion is filed with the Clerk's office. The Courtroom Deputy will assign a hearing date six weeks after the date upon which counsel files the opening brief absent compelling circumstances. Failure to read or comply with this order is **not** a "compelling circumstance." Catherine Jeang may be reached at (213) 894-3700. The Court retains discretion to alter hearing dates in appropriate circumstances.

ENTERED ON ICMS

DEC 11 2003

CV



1  2)  **Failure to clear a hearing date with the Courtroom Deputy will**

2  **likely result in the Court striking  the motion.**

3  3)  The Court SETS the following briefing schedule for all

4  motions:

5  a)  Motions shall be filed no later than **six** weeks before the

6  scheduled hearing date. Courtesy copies shall be provided to

7  chambers;

8  b)  Oppositions shall be filed no later **five** weeks before the

9  scheduled hearing date. Courtesy copies shall be provided to

10  chambers; and

11  c)  Replies shall be filed no later than **four** weeks before

12  the scheduled hearing date. Courtesy copies shall be provided to

13  chambers.

14  4)  Wherever possible, parties shall confer among themselves to

15  consolidate related motions and/or schedule related motions for the

16  same hearing date.  The parties are reminded that they must comply

17  with the requirements of Local Rule 7-3 ("Conference of Counsel

18  Prior to Filing Motions").

19  5)  The above schedule represents the Court's minimum expectations

20  regarding motions. Parties and counsel are encouraged to agree on

21  a mutually acceptable briefing schedule among themselves, taking

22  into account these requirements in light of the complexity of any

23  given motion.

24  6)  Ex parte applications are disfavored in the absence of a **true**

25  **emergency**. Parties filing such applications shall include a short

26  statement explaining why they believe their concerns require

27  extraordinary attention. Such a statement shall indicate what

28

attempts were made to reach agreement with other parties concerning the issue(s) and why the parties were unable to come to an agreement. Stipulations are highly encouraged, whenever possible.

7)   Opposing parties have 24 hours from the filing of such ex parte applications within which to respond or oppose the ex parte request. Responding parties must inform the Courtroom Deputy by telephone of their position.

8)   Abuse of the ex parte application process may result in sanctions.

9)   Plaintiff(s) shall serve a copy of this standing order on defendant(s).


**IT IS SO ORDERED.**


Dated:  <u>December 10, 2003</u>                 *Lourdes G. Baird*
                                        LOURDES G. BAIRD
                                        United States District Judge

- 3 -