**ORIGINAL**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Priority ___X___
Send ___X___
Enter _____
Closed _____
JS-5/JS-6 _____
JS-2/JS-3 _____
Only _____

Case No. CV03-8751 LGB (JWJx)                           Date: February 9, 2004

Title: DirecTV Inc. v. Fisher, et. al.

---

DOCKET ENTRY

---

PRESENT:

**THE HONORABLE LOURDES G. BAIRD, JUDGE**

Catherine Jeang                           Not Present
Courtroom Clerk                           Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:         ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                              NONE PRESENT

---

PROCEEDING (IN CHAMBERS): **ORDER TO SHOW CAUSE**

Plaintiff DirecTV, Inc.'s ("DirecTV") Complaint alleges causes of action for unauthorized reception of satellite signals in violation of 47 U.S.C. § 605(a), unauthorized interception of electronic communications in violation of 18 U.S.C. § 2511(1)(a), possession of pirate access devices in violation of 18 U.S.C. § 2512(1)(b), willful assembly or modification of devices or equipment in violation of 47 U.S.C. § 605(e)(4), and conversion against four individuals. Because the Complaint alleges that the defendants purchased signal theft devices at different times, the allegations against each of the defendants do not appear to arise out of the same transaction or occurrence as required by Federal Rule of Civil Procedure Rule 20.

The Court therefore orders DirecTV to show cause in writing why all but the first named defendant should not be dropped for misjoinder pursuant to Federal Rules of Civil Procedure Rule 21. See DirecTV, Inc. v. Beecher, No. 1:03-CV-0309 DFH, 2003 WL 23094715, at *7 (S.D. Ind. Nov. 7, 2003).

In response to this Order to Show Cause, DirecTV may, if it so chooses, file separate actions against all but the first named defendant, with new complaints, filing fees, and a notice of related case naming this action. The new separate actions will be deemed continuations of the original action for purposed of the statute of limitations. See Elmore v. Henderson, 277 F.3d 1009, 1012 (7th Cir. 200); Beecher, 2003 WL, at *7. Upon receipt of the new actions, the Court would then drop the defendants

OSC REMAND AMENDED 10/30/03



DOCKETED ON CM

FEB 12 2004

BY _____ 010



5

from this action and dismiss DirecTV's claims against them without prejudice. Failure to respond to this Order to Show Cause will result in the dropping of all but the first named defendant.

Accordingly, the Court orders DirecTV to show cause in writing by **February 20, 2004** why all but the first named defendant should not be dropped. Defendants may submit a response in the same time period. Parties are reminded that courtesy copies must be delivered to Chambers. Failure to respond by **February 20, 2004** will result in the Court **DROPPING** all but the first named defendant.

The Court further orders DirecTV to promptly serve this minute order on Defendants.

IT IS SO ORDERED.

Deputy Clerk _____