ORIGINAL

FILED
CLERK, U.S DISTRICT COURT
OCT 2 5 2004
CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

X  Priority
X  Send
___ Clsd
X  Enter
X  JS-5/JS-6
___ JS-2/JS-3

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRECTV, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Ronald Fisher, <br> Defendant. | CV 03-8751 LGB (JWJx) <br><br> **ORDER GRANTING DEFAULT JUDGMENT** |

ENTERED
CLERK, U S DISTRICT COURT
OCT 2 6 2004
CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

## I. INTRODUCTION

DirecTV alleges that Ronald Fisher bought a device to receive pirate access to DirecTV's television programming. DirecTV brought this action against Fisher and other defendants alleging that they received unauthorized DirecTV satellite signals in violation of 47 U.S.C. § 605(a); received unauthorized electronic communications in violation of 18 U.S.C. §2511(1)(a); possessed pirate access devices in violation of 18 U.S.C §2512(1)(b); willfully assembled or modified devices or equipment in violation of 47 U.S.C. §605(e)(4); and converted property .

DirecTV now seeks a default judgment against Fisher.

## II. Factual and Procedural Background

DirecTV provides satellite television programming. (Complaint ¶1). DirecTV encrypts - electronically scrambles- its satellite transmission to provide security for and to prevent unauthorized viewing of its satellite television programming. Id. ¶2. DirecTV provides its programming to customers on a subscription and pay-per-view basis only. Id. Each customer is required to obtain a DirecTV Access Card and other system hardware and create an account with DirecTV. Id. Upon activation of the access card by DirecTV, the customer can receive and view in a decrypted format (unscrambled) those channels to which the customer has subscribe or purchased from DirecTV. Id.

On November 20, 2001 DirecTV and the U.S. Marshal Services executed Writs of Seizure. Id. ¶3. During the raid, DirecTV acquired sales records that showed that defendant Ronald Fisher purchased an illegal Pirate Access Device called a terminator bootloader. Id. DirecTV also alleges that Fisher purchased and used illegally modified DirecTV access cards that are designed to permit viewing of DirecTV's television programming without authorization or payment to DirecTV. Id. ¶5.

The Complaint in this action was filed on December 1, 2003. The Complaint alleges (1) receipt of unauthorized satellite signals in violation of 47 U.S.C. § 605(a); (2) receipt of unauthorized electronic communications in violation of 18 U.S.C.

§2511(1)(a); (3) possession of pirate access devices in violation of 18 U.S.C §2512(1)(b); (4) willful assembly or modified devices or equipment in violation of 47 U.S.C. §605(e)(4); and (5) conversion. Fisher has not responded to the Complaint.

The court clerk entered default against Fisher on May 24, 2004. On September 2, 2004 this Court issued an Order to show cause as to why the case against Fisher should not be dismissed for lack of prosecution. (See September 2, 2004 Minute Order.) In response, DirecTV filed the current Motion for Default Judgment on September 8, 2004. Fisher has not opposed this Motion.

### III. Legal Standard

Federal Rule of Civil Procedure 55 requires a two-step process to secure a default judgment. First, the party must seek an entry of default under Federal Rule of Civil Procedure 55(a). Once the clerk enters a default, the party may seek a default judgment. See Fed. R. Civ. P. 55(b)(1) & (2).

Federal Rule of Civil Procedure 54(c) provides that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Fed. R. Civ. P. 54(c). General allegations of damages in a prayer for relief are sufficient to support a default judgment under Rule 54(c) as long as the defendant is given reasonable notice of the potential amount at stake. See Henry v. Sneiders, 490 F.2d 315
3

(9th Cir. 1974).

According to the Central District of California Local Rule 55-1 ("Local Rules"), an application for a default judgment must set forth the following:

a. When and against what party the default was entered;

b. Whether the defaulting party is an infant or incompetent;

c. That the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply (i.e., the defaulting party is not in the military); and

d. That notice has been served on the defaulting party if required by the Federal Rules.

Local Rule 55-1.

Entry of default by the clerk against a party does not automatically entitle the other party to a default judgment. Granting or denying the requested relief is within the sound discretion of the court. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, the district court should consider the following factors:

1. The possibility of prejudice to plaintiff if relief is denied;

2. The substantive merits of plaintiff's claim based upon the pleadings;

3. The sufficiency of the complaint;

4. The amount of money at stake;

5. The possibility of disputes over material facts;

4

6. Whether default was the result of excusable neglect; and

7. The strong policy of the Federal Rules that favors decision on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986); Trustees of Bay Area Painters and Tapers Pension Fund v. Banks, 1995 WL 688668, at *1 (N.D. Cal. Nov. 2, 1995).

In Eitel v. McCool, the Ninth Circuit emphasized that any analysis under these factors must start with the general rule that default judgments are ordinarily disfavored. See id. at 1472. Courts should decide cases on the merits whenever reasonably possible. See id.; Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985).

Upon entry of default judgment, the factual allegations of the claim regarding liability are taken as true, while allegations regarding the amount of damages must be proven. See TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987); United States v. Wight, 2002 WL 254016, at *4 (E.D. Cal. Jan. 4, 2002). Where damages are liquidated, or capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing. United States v. Wight, 2002 WL 254016, at *4 (E.D. Cal. Jan. 4, 2002).

IV. ANALYSIS

A. Procedural Requirements

In the instant case, Direct TV has satisfied the

5

requirements of Federal Rules of Civil Procedure 55(b) and 54(c) as well as those of Local Rule 55-1. The clerk entered default against Fisher on May 24, 2004. DirecTV also attests to the facts that Fisher is not an infant, incompetent, or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. (See Minnear Declaration ¶7.) Additionally, in compliance with Federal Rule 54(c) the Complaint and the Motion for Default Judgment seek the same statutory damages of $10,000 for each pirate access device, attorneys fees and costs, and an injunction prohibiting Fisher from using pirate devices. (Complaint at 10; Motion at 12.) Finally, DirecTV provided notice of the Motion for Entry of Default Judgment to Fisher as required by Local Rule 55-2. See Proof of Service attached to application.

B.   Eitel Factors

The first Eitel factor is whether DirecTV will suffer prejudice if the default judgment is not entered. See Eitel, 782 F.2d at 1471-72. Fisher is using DirecTV programming without paying for the service. Therefore DirecTV is suffering prejudice because it is losing money due to Fisher's conduct.

The second factor that the Court must consider under Eitel is the substantive merits of the plaintiff's claims based on the pleadings. The Complaint alleges causes of action for unauthorized reception of satellite signals in violation of 47 U.S.C. § 605(a); unauthorized interception of electronic communications in violation of 18 U.S.C. § 2511(1)(a); possession of pirate access devices in violation of 18 U.S.C. §2512(1)(b);

willful assembly or modification of devices or equipment in violation of 47 U.S.C. §605(e)(4); and (5) conversion. The facts in this Complaint show that Fisher ordered a pirate access device, and the Court assumes that he knew its purpose and used it to receive DirecTV without paying. (Complaint ¶11); see Community Television Systems, Inc. v. Caruso, 134 F.Supp.2d 455, 460 (D. Conn. 2000). These, with the additional facts in the Complaint, show the substantive merits of DirecTV's claims.

The third Eitel factor concerns the sufficiency of the Complaint. Eitel, 782 F.2d at 1471-72. Federal Rule of Civil Procedure requires that a Complaint have a statement of jurisdictional grounds, a claim showing that the pleader is entitled to relief, and a demand for judgment for the relief that the pleader seeks. Fed. R. Civ. P. Rule 8. DirecTV's Complaint contains all the elements required by Rule 8.

The fourth Eitel factor is the amount of money at stake. See Eitel, F.2d at 1471-72. Here, DirecTV seeks the statutory damages of $10,000 under 18 U.S.C. §2511 and 47 U.S.C. §605(e)(4) and attorneys fees of $1,200 under 17 U.S.C. §2520 and Local Rule 55-3. The amount claimed is the minimum amount of statutory damages that the Court has the discretion to grant for a violation of 47 U.S.C. §605(e)(4) and 17 U.S.C. §2511. Since this is the minimum amount listed in these statues the Court finds that the amount of money at stake in this case should not deter the Court from entering a default judgment against Fisher.

The fifth consideration under Eitel is whether there is a

7

possibility of disputes over material facts. See Eitel, 782 F.2d at 1471-72. Since the Defendant has not appeared in this action he has not demonstrated a dispute over any material facts. No evidence before the Court indicates a possibility of disputes over material facts.

The sixth Eitel factor is whether the default was the result of excusable neglect. Nothing in this record suggests excusable neglect.

Finally, the seventh Eitel factor concerns the strong federal policy favoring judgments on the merits. Although it is favorable to resolve cases on their merits, the case at hand does not warrant a denial of a default judgment on that ground. Accord Trustees of the Hod Carriers Locals Nos. 36 and 291 Consolidated Pension Fund v. Ricks, 2001 WL 1480817 (N.D. Cal. Oct. 19, 2001).

Based on this consideration of the seven Eitel Factors, the Court **GRANTS** the Motion for Default Judgment against Fisher.

**V. Damages**

DirecTV's Motion for Default Judgment seeks the statutory damages of $10,000 for violation of 18 U.S.C. §2511 and 47 U.S.C. §605 (e)(4) and attorneys fees of $1,200 under 17 U.S.C. §2520 and Local Rule 55-3.

A. Violation of 18 U.S.C. §2511

DirecTV seeks $10,000 in statutory damages pursuant to §2520(c)(2). This section provides that courts may assess statutory damages as the greater of $100 a day or $10,000 for violations of §2511. Most Courts have held that damages under

8

§2520(c)(2) are discretionary. See DirecTV v. Meinecke, 2004 WL 1535578 *2 (compiling cases that found damages under §2520); DirecTV v. Brown, 371 F.3d 814, 818 (11th Cir. 2004); Dorris v. Absher, 179 F.3d 420, 429 (6th Cir. 1999); Reynolds v. Spears, 93 F.3d 428, 435 (8th Cir. 1996); Nalley v. Nalley, 53 F.3d 649, 652 (4th Cir. 1995); DirecTV v. Perrier, 2004 WL 941641, at *4 (W.D.N.Y. Mar. 15, 2004); but see Rodgers v. Wood, 910 F.2d 444, 447 (7th Cir. 1990) (award of damages mandatory); Biton v. Menda, 812 F.Supp. 283, 284 (D.P.R. 1993). Courts holding a damages award to be discretionary under §2520(c)(2) typically adhere to the following analysis:

(1) The Court should first determine the amount of actual damages to the plaintiff plus the profits derived by the violator, if any.

(2) The court should next ascertain the number of days that the statue was violated, and multiply by $100.

(3) The court should then tentatively award the plaintiff the greater of the two amount, unless each is less than $10,000 in which case $10,000 is the presumed award.

(4) Finally, the Court should exercise its discretion to determine whether the plaintiff should receive any damages at all in the case before it.

DirecTV v. Meinecke, 2004 WL 1535578 (S.D.N.Y. 2004); see also DirecTV, Inc v. Huynh, 318, F.Supp. 2d 1122, 1132 (M.D. Ala. 2004).

In regards to the first inquiry, the Court cannot determine

DirecTV's actual damages or the profits earned by Fisher based on the Complaint. With regards to the second inquiry, the duration that the statue was violated, DirecTV states that Fisher purchased the pirate access device on July 20, 2001. (Complaint ¶5.) However, the Court cannot determine the number of days that Fisher used the access device solely based on the number of days that he owned it. See DirecTV v. Meinecke, 2004 WL 1535578 *3 (S.D.N.Y. 2004). Therefore, the Court will treat the $10,000 in damages as the presumed award. Id. (citing DirecTV v. Kaas, 294 F.Supp.2d 1044, 1048 (N.D. Iowa 2004)).

In order to determine the fourth inquiry as whether the court should exercise its discretion, courts consider (1) whether the defendant profited by his violation; (2) whether there was any evidence that the defendant actually used his pirate access devices; (3) the extent of DirecTV's financial harm; (4) the extent of the defendant's violation; (5) whether the defendant had a legitimate reason for his actions; (6) whether an award of damages would serve a legitimate purpose; and (7) whether the defendant was also subject to another judgment based on the same conduct. Id. (citing DirecTV v. Huynh, 318 F.Supp.2d 1122, 1132 (M.D. Ala. 2004).)

The defendants' default has made it impossible to determine some of these factors including whether Fisher profited from his conduct, whether he used his pirate device, and the extent of his violations. Id. However, pirate devices rarely serve any legitimate purpose beyond stealing satellite signals. Id. (citing DirecTV v. Getchel, 2004 WL 1202717 *1 (D. Conn. May 26,

2004). Additionally, an award for damages will serve legitimate purposes of providing compensation to DirecTV for Fisher's accessing the television, for DirecTV's efforts in finding those who use pirate devices, and in deterring future satellite television pirates. Id.;(see also Minear Declaration, Exhibit 6, ¶14 - 18 (describing damage to DirecTV including estimated $2,454.72 annually of lost service charges for three years and other damages that are difficult to calculate).) Finally, the Court is not awarding other statutory damages based on the same conduct. Accordingly, the Court exercises its discretion to award statutory damages of $10,000.

The Motion does not seek additional damages and the Court does not grant any.

B. Attorney's Fees

Under § 2520(b)(3) DirecTV is also entitled to a reasonable attorney's fees and reasonable litigation costs. 18 U.S.C. §2520(b)(3). Local Rule 55-3 states that in a judgment action, when a statue provides for recovery of reasonable attorneys fees between $1,000 and $10,000 an attorneys fees award will be calculated as $300 plus 10% of the amount over $1,000. The statutory damages in this claim are $10,000 and therefore the attorney's fee award is $1,200.

C. Equitable Relief

The Court further granted equitable relief under 18 U.S.C. § 2520, permanently enjoining Fisher from further use of his piracy devices.

VI. Conclusion

Based on the foregoing, DirecTV's Application ofr Entry of Default Judgment is **GRANTED**. Fisher is ordered to pay DirecTV $10,000 in statutory damages and $1,200 in attorney's fees.

The Court's September 2, 2004 Order to Show Cause is **VACATED**.

IT IS SO ORDERED.

Dated: October 25, 2004

_____
LOURDES G. BAIRD
United States District Judge